# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **HOUCHENS FOOD GROUP, INC. D/B/A HOMETOWN IGA,** | ) ) ) ) |
| Defendant. | ) ) ) ) |

CIVIL ACTION NO.

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") brings this action against The Houchens Food Group, Inc., d/b/a Hometown IGA ("Hometown IGA" or "Defendant Employer") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct Hometown IGA's unlawful employment practices on the basis of religion, and to provide appropriate relief to Matthew Barnett ("Barnett") who was adversely affected by such practices. As alleged with greater particularity in paragraph 12 below, Barnett, a Spiritualist Rastafarian, wears his hair long and in dreadlocks because of his sincerely held religious belief that his hair connects him to God. Hometown IGA refused to accommodate Barnett's religious beliefs and denied him employment because he refused to cut his hair.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Kentucky, London Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, at all relevant times has been doing business in the Commonwealth of Kentucky with a facility in Williamsburg, Kentucky and has continuously had at least 15 employees.

5. At all relevant times, Hometown IGA has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Matthew Barnett filed a charge with the Commission alleging violations of Title VII

by Defendant Employer.

7. On or about January 21, 2022, the Commission issued to Defendant Employer, a Letter of Determination finding reasonable cause to believe Defendant Employer subjected Matthew Barnett to religious discrimination, in violation of Title VII.

8. The Letter of Determination invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On July 14, 2022, the Commission issued a Notice of Failure of Conciliation to Defendant Employer.

## STATEMENT OF CLAIMS

12. On or about September 11, 2021, Defendant Employer engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to reasonably accommodate Matthew Barnett's religious beliefs and denying him employment due to religion:

    a. Barnett is a Spiritualist Rastafarian and based upon his sincerely held religious beliefs, his hair is long and worn in dreadlocks in order to connect him to God;

      b. Barnett interviewed with Defendant Employer on September 11, 2021 for an Assistant Manager position;

      c. Barnett was told that he needed to cut his hair in order to be hired for the Assistant Manager position; and

      d. Because Barnett refused to cut his hair, his interview ended and he was denied employment by Defendant Employer.

13. The effect of the practices complained of in paragraph 12 above has been to deprive Barnett of equal employment opportunities and to otherwise adversely affect his employment status because of his religion.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to Barnett's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on religion.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which reasonably accommodate the religious beliefs of its employees and applicants and which eradicate the effects of its past and present unlawful employment practices based on religion.

  C. Order Defendant Employer to make whole Matthew Barnett by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant Employer to make whole Barnett by providing him with rightful place instatement or front pay.

  E. Order Defendant Employer to make whole Barnett by providing him compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Barnett by providing him compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

  G. Order Defendant Employer to pay Barnett punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

>Respectfully submitted,
>
>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>
>GWENDOLYN YOUNG REAMS
>ACTING GENERAL COUNSEL
>WASHINGTON, D.C.
>
>CHRISTOPHER LAGE
>DEPUTY GENERAL COUNSEL
>WASHINGTON, D.C.
>
>KENNETH L. BIRD
>Regional Attorney
>Indianapolis, Indiana
>
>NANCY DEAN EDMONDS
>Assistant Regional Attorney
>Indianapolis, Indiana
>
>s/ Kenneth W. Brown
>KENNETH W. BROWN
>Senior Trial Attorney
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>Louisville Area Office 600 Martin Luther King, Jr. Place Suite 268
>Louisville, Kentucky 40202-2285
>(502)694.3906 (Direct Dial)
>(502) 582.5435 (Facsimile)
>E-mail: kenneth.brown@eeoc.gov
>
>Attorneys for Plaintiff