UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>       PLAINTIFF<br><br>v.<br><br>HOUCHENS FOOD GROUP, INC. D/B/A HOMETOWN IGA,<br>       DEFENDANT | CIVIL ACTION NO.<br>6:22-cv-00235-REW-HAI |

## CONSENT DECREE

The parties joint move the Court to approve and enter this Consent Decree. *See* DE 22 (Motion). Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant Houchens Food Group, Inc. d/b/a Hometown IGA ("Defendant") on December 27, 2022, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 when it refused to accommodate Matthew Barnett's religious beliefs (Spiritualist Rastafarian) by allowing him to wear his hair long in dreadlocks and denied him employment because he refused to cut his hair. This Consent Decree does not constitute an admission by either party as to the claims or defenses of the other.

The Parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation and agree to the entry of this Consent Decree ("Decree").

Based on the record as a whole, the Court **GRANTS DE 22 and** finds that:

    1.    The Court has jurisdiction over the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

    2.    This Consent Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

1

3. The Court, having examined the terms of this Consent Decree, finds it is reasonable, just, and in accordance with Title VII, and entry will fully and finally resolve all claims raised by the Commission in its Complaint in Civil Action No. 6:22-cv-00235-REW-HAI.

4. The Court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the parties, those for whom the EEOC seeks relief, and the public.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

### TERM, SCOPE, AND ISSUES RESOLVED

5. This Decree will remain in effect for a period of three years from the date of its entry.

6. This Decree, unless otherwise specified, applies to all of Defendant's stores supervised by District Manager Terry Dykes, which includes store number 17 in Albany Kentucky; store number 53 in Somerset, Kentucky; store number 56 in Barbourville, Kentucky; store number 57 in Williamsburg, Kentucky; and store number 777 in Nancy, Kentucky (the "District") and their managers, supervisors, agents, and human resources personnel. This Decree also applies to any of Defendant's stores which come under the supervision of District Manager Terry Dykes for the duration of the Decree.

7. Nothing in this Decree shall be construed to limit or to reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

8. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges not asserted in this action that may be in existence or that may later arise against Defendant, in accordance with standard EEOC procedures.

**INJUNCTIVE RELIEF**

9.  Defendant and its officers, agents, employees, successors, and assigns are permanently enjoined from failing to accommodate the sincerely held religious beliefs of applicants or employees absent an undue hardship.

**MONETARY PAYMENT**

10.  In settlement of the EEOC's claims in this lawsuit, Defendant shall pay the total amount of $40,000.00 to Matthew Barnett. Defendant shall make this payment by issuing two separate checks payable to Matthew Barnett as follows: (1) one check constituting back pay in the amount of $8,576.00, minus standard payroll tax withholdings, which shall be issued on an IRS form W-2; and (2) one check constituting compensatory damages in the amount of $31,424.00, which shall be reported on an IRS form 1099 Miscellaneous Income Statement. Defendant shall not deduct from the backpay payment the employer's share of any costs, taxes, or Social Security. Defendant shall not make any deductions from the compensatory damages payment.

11.  Within ten (10) days from the entry of this Decree, EEOC will provide Defendant with an executed IRS form W-4 for Matthew Barnett.

12. Within twenty (20) days of the EEOC providing an executed W-4 form for Matthew Barnett, Defendant shall make all payments by sending the checks to Matthew Barnett by certified mail to an address provided by the EEOC. The backpay check must be accompanied by a statement detailing all deductions.

13. Within ten (10) business days after payments are mailed to Mr. Barnett, Defendant must submit a copy of the checks issued to Mr. Barnett and proof of delivery to the EEOC by emailing them to the Regional Attorney, Kenneth Bird, at kenneth.bird@eeoc.gov, and Kathleen Bensberg, Trial Attorney, at kathleen.bensberg@eeoc.gov and to monitoring-eeoc-indo@eeoc.gov.

3

# EQUITABLE RELIEF

### A.     Statement to Charging Party

14.     Within twenty (20) days of entry of this Decree, Defendant will provide a letter to Mr. Barnett that states: "Houchens Food Group commits to giving consideration to job applicants' needs for religious accommodations.  HFG is an equal opportunity employer. Should you ever choose to reapply, any request for a religious accommodation will be evaluated."

### B.     Policies and Procedures

15.     Within sixty (60) days of entry of this Decree, Defendant will review and revise its employment policies, including but not limited to its personal appearance policy, as necessary to ensure that its policies permit exceptions as reasonable accommodations. Defendant will further review and revise, as necessary, its nondiscrimination policies to ensure that they include a process by which an applicant or employee may request a religious accommodation.

### C.  Policy Distribution

16.     Defendant shall distribute its personal appearance policy and its nondiscrimination policy to all employees responsible for hiring and all employees responsible for receiving and evaluating requests for reasonable accommodations in the District where Mr. Barnett applied for employment, including store managers, supervisors, and all Human Resources employees.

17.     Within seventy-five (75) days of entry of this Decree, Defendant will distribute to all employees in the District its religious accommodation and personal appearance policies, adopted pursuant to Section D. Distribution shall be completed by mail and/or email to each employee and by posting a notice of Defendant's revised policies on Defendant's Human Resources Information System (or "HRIS," currently Paylocity). A notice will also be included on

Defendant's website under "Careers with Houchens" that specifies: "Houchens Food Group is an equal opportunity employer. Hiring decisions are made without regard to race, color, sex, national origin, religion, disability, or pregnancy. Applicants may request accommodations based on religious beliefs, disability, or pregnancy." The revised policies shall be available on Defendant's HRIS to all new employees, upon hire, for the term of this Decree.

### D. Defendant's Hiring Policy

18. Defendant shall not discriminate in hiring or any other terms of employment based upon an applicant or employee's sincerely held religious beliefs.

19. Defendant shall interact with an applicant or employee who requests a reasonable accommodation based upon an applicant's sincerely held religious beliefs to discuss and determine whether it may provide a reasonable accommodation to the applicant or employee's sincerely held religious belief. Applicants and employees may request modifications to Defendant's personal appearance standards under Title VII or the ADA to accommodate religion, disability, or pregnancy.

### E. Training

20. Within one hundred (100) days of entry of this Decree, Defendant shall require all of its Human Resources, management, and supervisory employees in the District to participate in a training session on Title VII's religious accommodation requirements that satisfies the following requirements:

    a. The training session shall occur once a year for three years.

    b. The training sessions shall last for a minimum of one hour, shall be interactive and include a question and answer period, and can be conducted in person or virtually.

    c. The training sessions shall consist of, amongst other things, the following:

5

      (i)      Explanation of the requirements of Title VII, including an employer's obligations regarding religious accommodations and prohibition against religious discrimination in the workplace;

      (ii)      Explanation of the responsibility of Human Resources personnel, managers, and supervisory employees have to engage in the interactive process when an applicant for employment or an employee requests a religious accommodation for sincerely held religious beliefs;

      (iii)      Explanation of duty and responsibility Human Resources personnel, managers, and supervisory employees have to provide reasonable accommodations for religious beliefs.

d.      Within thirty (30) days after the training, Defendant shall submit to the EEOC the name, address, email address, and telephone number of the trainer/training program, the training date(s), an outline of the training contents, and a copy of a list of training participants, by emailing them to the Regional Attorney, Kenneth Bird, at kenneth.bird@eeoc.gov, Kathleen Bensberg, Trial Attorney, at kathleen.bensberg@eeoc.gov and to monitoring-eeoc-indo@eeoc.gov.

21.      Within one hundred twenty (120) days of entry of this Decree, Defendant shall provide the Title VII training described in Paragraph 20 of this Decree for all non-managerial employees of the District in the minimum length of one hour. This training shall specify that accommodations are available under Title VII and the ADA, which may include modifications to Defendant's grooming policy based on religious beliefs, disability, or pregnancy.

22.      Throughout the term of this Decree, Defendant shall provide online training described in Paragraph 20 to any new supervisor, manager, or human resources personnel

responsible for hiring in the District within thirty (30) days of the individual's hire or promotion.

23.     Defendant shall repeat the trainings, in online format, required in Paragraphs 20 and 21 on an annual basis throughout the term of this Decree, for a total of three trainings. However, the two subsequent trainings after the initial training may be conducted as a "refresher" training. The annual "refresher" trainings must be a minimum of 30 minutes in length; must cover the topics covered by the initial training with special emphasis on religious discrimination.

24.     For in-person training sessions, Defendant shall ensure that all participants at all training sessions required by this Decree shall sign attendance sheets legibly identifying the name and title of each attendee to certify participation in the training. For online training, Defendant shall maintain electronic completion logs, identifying the name and title of attendees, and date of completion.  Defendant shall maintain these records for the duration of the Decree.

**F.     Notice posting**

25.     Within  twenty (20) days of the entry of this Decree, Defendant will post at stores within the District, for the duration of this Decree, a full-size copy of the attached Notice (Appendix A), signed and dated by Defendant, in a conspicuous location in any non-public area frequented by employees, and will affix a copy of the attached Notice (Appendix A) to all paper applications for employment within the District.  Defendant will ensure that each such copies of the Notice are not removed, hidden, defaced, altered, or rendered unreadable by weather, sunlight, or any other cause, for the duration of the posting period, and Defendant will promptly replace any copy of the Notice that is removed, defaced, altered, or rendered unreadable or that has become hidden.

26.     Within  sixty (60) days of the entry of this Decree, Defendant will revise its new electronic job postings to include an equal employment opportunity statement that it is an equal

7

employment opportunity employer and hires without regard to race, sex, color, national origin, religion, disability, pregnancy, or any other basis protected under federal nondiscrimination law. This notice shall specifically state that Defendant will accommodate applicant needs based on religious beliefs, disability, and pregnancy consistent with federal law. Defendant will also include a section titled "Equal Opportunity Employer" on its "Careers with Houchens" webpage.

**G.    Reporting Requirements**

27.    Defendant shall report to the EEOC on compliance with the requirements of Paragraphs 15, 16, 17, 20, 21, and 25 as follows:

    a.    Within ninety (90) days of entry of this Decree, Defendant shall report to the EEOC on compliance with the requirements of Paragraphs 15, 16, 17, and include in the report: i.) a copy of all revised policies; ii.) a description of the method of distribution and notice of the revised policies; and iii.) the date on which Defendant posted, and each location in which it posted (by address and entryway designation or description), each copy of the Notice posted pursuant to Paragraph 25.

    b.    Within one hundred thirty-five (135) days, Defendant shall report to the EEOC on compliance with the training requirements of Paragraphs 20 and 21, and include in the report a description of the manner of providing the training required by Paragraph 20, to include the date of training, a copy of the training agenda and materials, and a signed attendance sheet of all individuals who attended the training, legibly identifying the name and title of each individual.

28.    On an annual basis thereafter, beginning on the anniversary date of entry of this Decree, Defendant shall report to the EEOC with the following data for the previous twelve

months, with the final report provided to the EEOC no later than ninety (90) days prior to the expiration of this Decree:

    a. A description of the manner in which it has provided the trainings required by Paragraphs 20 and 21 including the date(s) of any training(s) and a copy of the attendance sheets for each training that legibly identifies the names and titles of all attendees for each training;

    b. Confirmation of continued Notice posting in compliance with Paragraph 25 of this Decree, to include identification of each location in which the Notice is posted as of the date of the report; and,

    c. Each instance on which an applicant or employee requested, was denied, or was granted a religious accommodation in the District. The report shall identify the employee by initials; the date that the request was made; a description of the accommodation requested; whether the accommodation was granted or denied; and, if denied, a detailed description of the reason for the denial. If no such requests were made, the report shall so state.

29. If the EEOC determines further inquiry is necessary into compliance with the terms of this Decree as it relates to the information reported pursuant to Paragraph 27, Defendant shall produce the full name, mailing address, and telephone number for any employee identified in the report and all documentation maintained in compliance with Paragraph 28(c), within thirty (30) days after a written request by the EEOC directed to Defendant's counsel.

30. All reports sent to the EEOC by Defendant pursuant to this Decree (except as otherwise stated in this Decree) shall be sent by electronic mail to Kenneth L. Bird, Regional Attorney, Indianapolis District Office, Equal Employment Opportunity Commission, via kenneth.bird@eeoc.gov and monitoring-eeoc-indo@eeoc.gov.

## **ENFORCEMENT**

31.     This Consent Decree may be specifically enforced in court by the EEOC and may be used as evidence in a subsequent proceeding alleging a breach of this Decree.

32.     The term of this Decree shall be automatically extended during the pendency of any enforcement proceedings.

33.     The Court retains jurisdiction to hear and resolve any disputes concerning enforcement of the Consent Decree which may be brought to the Court's attention.

34.     Upon reasonable notice, the EEOC may investigate compliance with this Decree. As part of such investigation, the EEOC may inspect at an agreed-upon time and location, Defendant's facilities, interview Defendant's employees, and examine and copy Defendant's documents that are pertinent to the EEOC's allegations of noncompliance. Defendant must comply with all reasonable requests from the EEOC.

35.     The EEOC may seek immediate relief at any time from the Court if Defendant fails to comply with any term or condition of the Decree, after the EEOC has provided notice and Defendant has had thirty (30) days in which to respond to the alleged failure of compliance. Thereafter, the parties shall then have a period of fourteen (14) days, or such additional period as may be agreed upon by them, to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law. If the EEOC requests such relief and the Court determines that Defendant failed to comply with any such term or condition, the Court may hold it in contempt, set aside this Decree, reinstate this action, and set this action for trial; award EEOC its attorneys' fees and costs incurred to enforce the Decree;

provide any other relief available under this Decree or the law; and take any other action the Court deems necessary and appropriate.

## COSTS AND FEES

36. Each party shall bear its own costs and attorneys' fees incurred in connection with this action, except that the Court may require Defendant to bear any costs and attorneys' fees the EEOC subsequently incurs in enforcing this Decree.

37. Defendant shall bear all costs associated with the administration and implementation of its obligations under this Decree.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

38. The EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allows for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendants with a copy of the 1098-F form that they will provide to the Internal Revenue Service (IRS). The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

    a.    Name: David Daughdrill, CFO

    b.    Address: 700 Church Street, Bowling Green, Kentucky 42101

39. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

40. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

41. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

11

42. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

43. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Defendant.

44. During the term of this Decree, Defendant shall provide a copy of this Consent Decree to any purchaser or transferee, and to any other potential successor, prior to any sale, merger, or transfer of assets.

45. This Consent Decree may only be amended by the Court.

This the 27th day of June, 2024.

Signed By:
Robert E. Wier
United States District Judge